UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                             Case No. 19-CR-167

HUNTER C. NICHOLSON,

          Defendant.

---

**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISION**

---

On December 4, 2019, Defendant Hunter C. Nicholson pleaded guilty to one count of making false statements to a federal firearms dealer. His offense consisted of making false claims on required paperwork during the purchase of an AR-15 assault rifle, which he actually acquired for an underaged friend. Unbeknownst to Nicholson, the friend then posted an Instagram video of someone shooting an assault-style rifle, accompanied by the following comment: "Revealing new school shooter gun." Though intended as a joke, the Instagram understandably caused serious concern among law enforcement and school officials. Nicholson cooperated in the investigation and admitted he had purchased the gun for his friend.

On January 15, 2020, the Court sentenced Nicholson, who had no prior criminal history, to 30 days imprisonment to be followed by 3 years of supervised release. The below-Guideline sentence took into consideration Nicholson's youth (18 years), absence of any prior record, strong employment history, and the significant impact of the felony conviction in and of itself. Nicholson served his term of imprisonment and is on supervised release until February 4, 2023. He is now before the court on his motion seeking termination of the remainder of his supervised release.

Pursuant to 18 U.S.C. § 3583(e), the Court may "terminate a term of supervised release at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Nicholson, who is now 20 years of age, filed a motion for early termination of his supervised release stating that he started his own business in May of 2020, landscaping in the summer and performing snow removal in the winter, and the limitation on his out-of-state travel could prohibit him from accepting work outside of the state. The motion states that, "with labor shortages, Mr. Nicholson has had requests to do work out of state. However, with his presence being requested on a moment's notice, being on supervision presents a hurdle for him in terms of being able to accept the work."

As noted, Nicholson has a strong employment history. Upon commencement of his term of supervised release, he maintained employment with a restaurant and horse farm, both previous employers, but the restaurant closed due to Covid and his hours at the horse farm were reduced. Nicholson then started his own landscaping/snow removal company. Although Nicholson had some positive and missed drug tests when on pretrial release, his random tests have all been negative since his release on supervision. He is currently on low level supervision and neither the Government nor Probation oppose his request.

Based on the foregoing, the Court is satisfied that Nicholson's motion for early termination should be granted. He is maintaining employment, avoiding illegal substances and excessive alcohol use, and has no violations of the law, other than some minor traffic violations. He has served his sentence, paid the mandatory assessment and, at this point, supervision is no longer

needed and is interfering with his employment opportunities. Accordingly, the motion for early termination (Dkt. No. 19) is **GRANTED.**

**SO ORDERED** at Green Bay, Wisconsin this 5th day of August, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge